IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–00503–CMA–KMT

JOHN F. FOX, II, and
JULIE A. FOX, individuals,

    Plaintiffs,

v.

WISE SERVICES, INC., a Wyoming corporation, and
JOEY L. PLATTS, and individual,

    Defendants.

## ORDER

This matter is before the court on Plaintiffs' "Motion for Substituted Service" (Doc. No. 8 [Mot.], filed March 30, 2015).

Plaintiffs' Complaint alleges the defendants breached the parties' Shareholders Agreement, Stock Purchase Agreement, and Buy-Sell Agreement. (*See* Doc. No. 1.) Plaintiffs have been unable to personally serve Defendant Joey L. Platts with the Summons and Complaint. (Mot.) A process server attempted twice to serve the defendant at his home but was unable to serve the defendant because his home is located in a fenced and gated area that is operated electronically with no call box. (*Id.*, Attach. 1.) Plaintiffs ask the court to authorize substituted service on Defendant Platts by certified mail, return receipt requested, addressed to the defendant at his principal address. (*Id.*)

According to federal law:

> (e) . . . Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> > (2) doing any of the following:
> > > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4. Plaintiffs have tried to serve Defendant Platts pursuant to Fed. R. Civ. P. 4(e)(2)(A) and (B).

In Arizona, the state where Plaintiffs are attempting to serve the defendant, when personal service has become impracticable, Ariz. R. Civ. P. 4.1(k) authorizes service by alternative means as follows:

> Alternative or Substituted Service. If service by one of the means set forth in the preceding paragraphs of this Rule 4.1 proves impracticable, then service may be accomplished in such manner, other than by publication, as the court, upon motion and without notice, may direct. Whenever the court allows an alternate or substitute form of service pursuant to this subpart, reasonable efforts shall be undertaken by the party making service to assure that actual notice of the commencement of the action is provided to the person to be served and, in any event, the summons and the pleading to be served, as well as an order of the court authorizing an alternative method of service, shall be mailed to the last known business or residence address of the person to be served.

Ariz. R. Civ. P. 4.1(k).

The court finds that, under the circumstances, personal service upon Defendant Platts is impracticable. Therefore, it is

**ORDERED** that Plaintiffs' "Motion for Substituted Service" (Doc. No. 8) is **GRANTED**.  Plantiffs may serve Defendant Platts with the Summons, Complaint, and this Order by certified mail, return receipt requested, addressed to Defendant Platts' principal address, 31613 North 136th Street, Scottsdale, Arizona 85262.

Dated this 14th day of April, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

3